FILED IN OPEN COURT
U.S.D.C. - Atlanta
MAY 14 2019
JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID SANCHEZ, on behalf of himself and all others similarly situated, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | 1:17-CV-01904-ELR-AJB |
| v. | ) ) | |
| LAUNCH TECHNICAL WORKFORCE SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

**FINAL ORDER AND JUDGMENT**

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Fees to the Settlement Administrator, Service Award to Class Representative, Attorneys' Fees (the "Final Approval Motion"). Due and adequate notice has been given to the Class Members, including the opportunity to be heard at the final fairness hearing held on May 14, 2019.

On May 25, 2017, David Sanchez, on behalf of himself and all others similarly situated, filed the above-styled action against Launch Technical Workforce Solutions, LLC ("Launch"). Mr. Sanchez alleged that Launch failed to

supply him with a copy of his consumer report, a summary of rights or send him a lawful pre-adverse action notice required by the Fair Credit Reporting Act. Mr. Sanchez alleges that he had no meaningful opportunity to dispute objectively false information in his report, namely criminal convictions that did not belong to him. When Mr. Sanchez applied for a job, Launch obtained his background check from a third party, Orange Tree. Based on the erroneous report, Launch did not hire Mr. Sanchez.

Launch denies Mr. Sanchez's claim and further denies any wrongdoing and any liability to him or to any putative class members.

The parties mediated the matter after engaging in informal and formal discovery and were able to agree upon a resolution, which resulted in a Settlement Agreement now before the Court for Final Approval.

On November 7, 2018, upon consideration of the Settlement Agreement and the Preliminary Approval Motion, and having considered the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Doc. 59.) Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members")

with respect to the FCRA claims asserted in the Lawsuit; (ii) preliminarily approved the proposed Settlement Agreement; (iii) approved David Sanchez as the Class Representative; (iv) appointed as Class Counsel Andrew Weiner and Jeffrey Sand of Weiner & Sand LLC; (v) approved the form of the class notice and the notice plan; and (vi) set the date and time of the Final Approval Hearing.

The Settlement Class Administrator sent the approved Class Notice to the Class Members by First Class U.S. Mail. No Class Members objected to or excluded themselves from the Settlement. No Class Member requested to be heard at the final fairness hearing.

On April 8, 2019, Plaintiff filed his Final Approval Motion. On May 14, 2019, a hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Plaintiff now requests final certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the Settlement under Federal Rule of Civil Procedure 23(e). Defendant has notified the appropriate Attorneys General pursuant to Class Action Fairness Act, 28 U.S.C. § 1711 et seq.

The Court has read and considered the Agreement, Plaintiff's Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement. The Agreement shall be deemed incorporated herein.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **Class Members** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified for settlement purposes as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members"): all natural persons residing in the United States who applied for employment with Launch during the Class Period and about whom Launch procured a Consumer Report and as a result of Launch procuring a Consumer Report, were denied employment based in whole or in part on the contents of the Consumer Report and to whom either a copy of the Consumer Report or a copy of the Summary of Rights was not provided. There are approximately 71 Class Members.

4.     **Class Representative and Class Counsel** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff David Sanchez as the class representative. Additionally, the Court appoints Andrew Weiner and Jeffrey Sand as Class Counsel.

5.     **Notices** – Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed by First Class U.S. Mail.  The form and method for notifying the Class Members of the Settlement and its terms and conditions were in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights and clearly and concisely state, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Federal Rule of Civil Procedure 23(c)(2)(B).

6.     **Final Class Certification** – The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(b)(3).  Namely the Court finds that, for the Settlement Class:

    a.     The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

b.  There are questions of law and fact common to the Settlement Class Members, which predominate over any questions affecting only individual members;

c.  The Class Representative's claims are typical of the Class Members' claims;

d.  The Class Representative and Class Counsel will and have fairly and adequately represented and protected the interests of all of the Class Members; and

e.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

7.  The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion and any objections filed by Settlement Class Members, finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of

collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Class Members if litigation continued.

8. **Settlement Terms** – The Settlement Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    a.    Pursuant to the entry of the Preliminary Approval Order, the Defendant has paid $33,250.00 (the Settlement Amount) to the Settlement Administrator. Such Settlement Amount shall be and is the Settlement Fund. The Settlement Fund shall be used to make payments to the Class Members.

    b.    Following all payments required to be made from the Settlement Amount identified in Paragraph 8(a), any funds remaining undisbursed because of uncashed Class Member checks paid in accordance with Paragraph 8(a) shall be designated as *cy pres* in accordance with the Settlement Agreement.

    c.    The Plaintiff and Class Counsel have moved for a Service Award for Plaintiff as a Class Representative in the amount of $2,500.00. The

        Court awards David Sanchez $2,500.00 for his service as Class Representative.

d.    Plaintiff and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of $45,000.00, to be paid separate from the Settlement Fund. Defendant does not contest the amount of attorneys' fees. The Court finds that Class Counsel's requested award of attorneys' fees, costs, and expenses is fair and reasonable under Eleventh Circuit standards, and the Court awards the amount of $45,000.00 as attorneys' fees, costs, and expenses.

e.    The Court directs the Class Administrator to forthwith comply with payment provisions herein.

9. **Objections and Exclusions** – The Class Members were given an opportunity to object to the Settlement. No Class Member timely objected to the Settlement. No Class Member made a timely request for exclusion. Therefore the Court finds that the Class Members find the Settlement Agreement to be fair, reasonable and adequate.

10.    This Final Order and Judgment is binding on all Class Members.

11.    Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these

proceedings and this Final Order and Judgment.

12. This Final Order and Judgment hereby dismisses the Lawsuit, in its entirety, with prejudice.

13. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Final Order and Judgment.

It is so **ORDERED** this 14th day of May, 2019.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge